# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EVAN GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16-cv-00607-TWP-MPB |
| | ) | |
| KEITH BUTTS, Superintendent, New Castle | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Discussing Petition for Writ of Habeas Corpus

This matter is before the Court on the petition of Evan Green ("Green") for a writ of habeas corpus challenging convictions which followed a prison disciplinary proceeding on November 5, 2014. To obtain review of a claim for habeas relief, the prisoner must exhaust all available state administrative remedies, and failure to do so constitutes procedural default barring federal habeas relief. *Markham v. Clark*, 978 F.2d 993, 995–96 (7th Cir. 1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). For the reasons explained in this Entry, Green's habeas petition claims are procedurally defaulted and his habeas petition must be **dismissed.**

## Disciplinary Proceedings

On October 29, 2014, after an investigation by Internal Affairs ("IA"), Officer Randy Litherland wrote four conduct reports charging offender Evan Green (# 203504) with the following offenses:

- BTC 14-10-0297, (B-247) possession of unauthorized personal information;
- BTC 14-10-0298, (B-247) possession of unauthorized personal information;
- BTC 14-10-0299, (B-220) engaging in unauthorized financial transactions;
- BTC 14-10-0300, (A-111/113) attempted trafficking.

Each of these offenses is discussed below.

**1. Case BTC 14-10-0297**

The conduct report charging Green with B-247 possession of unauthorized personal information stated in relevant part:

> On 7/23/2014 – IA received information that Offender Evan Green #203504 had PIN numbers to two offenders and had his friend, Ashley Cutshall's phone number, 812-820-0319, on two offenders lists under different names so that he could contact her through using these offender's PIN numbers….I found that Ashley Cutshall's phone number was listed on Offender Allen Joiner #164559 as belonging to Nikki Williams. 43 calls had been placed to this phone number using Joiner's PIN number.

On October 31, 2014, Green was notified of the charge of possession of unauthorized personal information and informed of his rights. Green pled not guilty and maintained his right to 24 hours' advance notice of the disciplinary hearing. Green requested a lay advocate, Nasheed Waqia #942797, and Waqia was later appointed as a lay advocate. Green did not request witnesses or physical evidence.

On November 5, 2014, a disciplinary hearing was held in case BTC 14-10-0297. At the hearing, Green stated: "It's not correct. The information is all wrong." Relying on staff reports, the statement of the offender, the IA case report BTC 14-BTC-134, and the recorded phone calls, the DHO found Green guilty of possession of unauthorized personal information. Based on the seriousness of the offense and the likelihood of the sanction having a corrective effect on offender's future behavior, Green was sanctioned with 30 days' lost Earned Credit Time ("ECT").

**2. Case BTC 14-10-0298**

The conduct report charging Green with possession of unauthorized personal information stated in relevant part:

> On 7/23/2014 – IA received information that Offender Evan Green #203504 had PIN numbers to two offenders and had his friend, Ashley Cutshall's phone number, 812-820-0319, on two offenders lists under different names so that he could contact her through using these offender's PIN numbers…. I found that Ashley Cutshall's phone number was listed on Offender Chandus Graham #238911 as belonging to Brittney Sanders. 44 phone calls had been placed to this phone number using Graham's PIN number.

The investigation report and confidential IA file provided additional information.

On October 31, 2014, Green was notified of the charge and informed of his rights. He pled not guilty and maintained 24 hours' advance notice of a disciplinary hearing. Green requested a lay advocate, and Nasheed Waqia (#942797) was subsequently appointed. Green did not request witnesses or physical evidence.

On November 5, 2014, a disciplinary hearing was held in case BTC 14-10-0298. At the hearing, Green stated: "It's not correct. The information is all wrong." Relying on staff reports, the statement of the offender, the IA case report BTC 14-BTC-134, and the recorded phone calls, the DHO found Green guilty of possession of unauthorized personal information. Based on the seriousness of the offense and the likelihood of the sanction having a corrective effect on offender's future behavior, Green was sanctioned with 60 days' lost ECT and a demotion from credit class one to credit class two.

### 3. Case BTC 14-10-0299

The conduct report charging Green with B-220, engaging in unauthorized financial transactions, stated:

> On 7/27/2014 – Offender Evan Green #203504 placed a phone call to Cynthia Adams at 812-701-5020. In this phone call she tells him that she just got back from Walmart. She tells him that she has the phone number to Cheryl's now. She tells him that Cheryl's home phone is 812-902-1999 and that her cell number is 812-339-0193.
> Green dot number: 90219993390193

The investigation report elaborates in relevant part, stating:

> I reviewed phone calls made by Offender Green. During his phone calls he discussed with Ashley how to wrap contraband in saran wrap so that it didn't melt. He tells her to make sure 'old girl' knew how to do it. He tells her she will be getting 4 to 500 dollars from 'old girl' and she gets to keep half. He received a green dot number from her on 7/27/2014 during a phone call.

The confidential IA file provides additional information elaborating that the contraband being trafficked were Suboxone strips.

On October 31, 2014, Green was notified of the charge and informed of his rights. He pled not guilty and maintained 24 hours' advance notice of a disciplinary hearing. Green requested a lay advocate, and Nasheed Waqia (#942797) was subsequently appointed. Green did not request witnesses or physical evidence.

On November 5, 2014, a disciplinary hearing was held in case BTC 14-10-0299. At the hearing, Green stated: "How do you get the green dot number from two different phone numbers." Relying on staff reports, the statement of the offender, the IA case report BTC 14-BTC-134, and the recorded phone calls, the DHO found Green guilty of engaging in unauthorized financial transactions. Based on the likelihood of the sanction having a corrective effect on offender's future behavior, Green was sanctioned with 60 days' lost ECT.

### 4. Case BTC 14-10-0300

The conduct report charging Green with A-111/113 attempted trafficking stated:

> On 7/28/2014 – Offender Evan Green #203504 placed a phone call to Ashley Cutshall at 812-820-0319. He tells her that on Friday 'old girl' is going to get her check and she's going to give her some bread. He tells her that he needs her to take care of it. He tells her 'old girl' don't know how to do nothing and that he wants her to make sure each one has plastic on it. Ashley tells him that she doesn't know how to do that. He tells her to just make sure each one is wrapped so that they are covered so that they don't melt. Ashley asks him what to wrap them in. He tells her to use saran wrap. He tells her 'old girl' will be giving her between 4 and 5 hundred dollars. He tells her his mom will look out for her. Ashley asks him

if each one is $100 and he tells her yes.

The investigation report states substantially similar facts.

On October 31, 2014, Green was notified of the charge and informed of his rights. He pled not guilty and maintained 24 hours' advance notice of a disciplinary hearing. Green requested a lay advocate, and Nasheed Waqia (#942797) was subsequently appointed. Green did not request witnesses or physical evidence.

On November 5, 2014, a disciplinary hearing was held in case BTC 14-10-0300. At the hearing, Green stated: "I did not get caught with nothing. I told her to go by my mom's house to get the money." Relying on staff reports, the statement of the offender, the IA case report BTC 14-BTC-134, and the recorded phone calls, the DHO found Green guilty of attempted trafficking. Based on the likelihood of the sanction having a corrective effect on offender's future behavior, Green was sanctioned with 60 days' lost ECT.

## <u>Discussion</u>

The government argues that Green's habeas petition must be dismissed because he failed to exhaust his administrative remedies prior to filing this action.

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present ... the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Fair presentment requires a petitioner to "put forward [the] operative facts and

controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006) (citation and quotation marks omitted).

Green admits that he did not file a formal appeal. This is despite the fact that the Disciplinary Code for Adult Offenders stipulates that the offender must file a first level appeal "within fifteen (15) days from the date of the disciplinary hearing or receipt of the REPORT OF DISCIPLINARY HEARING." (Dkt. 12-24 at 49.) The first attempt that Green made to seek some form of review was on October 25, 2015, nearly a year after his disciplinary conviction when he sent a request for administrative review to C.A. Penfold. (Dkt. 19 at 2.)

The respondent argues that because Green failed to raise his ground for relief at the administrative level, he is procedurally barred from raising these issues now. *Moffat*, 288 F.3d at 981–82. In response, Green argues that he should be excused for failing to appeal. "A federal court may excuse a procedural default if the habeas petitioner establishes that ... there was good cause for the default and consequent prejudice." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015). "Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (citation and quotation marks omitted).

Specifically, Green provides three explanations for his failure to timely file an appeal. First, he did not have access to a lay advocate to help him with the appeal (Pet. at 3–4). Second, he was in segregation and thus could not adequately file an appeal (Pet. at 4). Third, he had no knowledge of the disciplinary code or the appeals process (Pet. at 3 and 6). For the reasons explained below, none of Green's explanations for not filing a timely administrative appeal are sufficient to establish good cause to overcome his procedural default.

First, Green alleges that he was unable to file an appeal because he did not have access to the lay advocate who agreed to assist him in each of the four disciplinary convictions. But, contrary to Green's assertion, there is no independent constitutional right to have the assistance of an advocate for prison disciplinary proceedings. *See United States v. Gouveia*, 467 U.S. 180, 185 n. 1 (1984) ("[I]nmates have no right to retained or appointed counsel at prison disciplinary proceedings."); *Broadus v. Newkirk*, 66 F.3d 328 (7th Cir. 1995) (*citing Coleman v. Thompson*, 111 S.Ct. 2546, 2568 (1991) (holding that where petitioner had no constitutional right to counsel in pursuing his state habeas corpus suit, he could not rely on counsel's error in untimely filing of appeal as cause)).

Second, Green's claim that being in segregation on "cube restriction" prevented him from filing an appeal is insufficient to establish good cause under the circumstances asserted. However, there is no evidence showing (or allegation) that Green was somehow prevented from filing an appeal form while he was in segregation. In addition, even if Green could not file an appeal while in segregation, he could have attempted to file a belated appeal when he returned to the general population. Green was transferred to general population at the Correctional Industrial Facility on December 15, 2014, yet he still made no effort to appeal his convictions. He waited over nine months before seeking some kind of review or relief. Green argues that whether he filed his administrative appeal 40 days after the hearing (when he was released from segregation) or 9 months after the hearing is irrelevant because either way his appeal was going to be late. Dkt. 19 at p 5-6. But the fact that he did not act in a timely fashion when he was released from segregation reflects that his failure to appeal was a not the result of an objective factor (the conditions of segregation), but due to his own prerogative.

Finally, Green's assertion that he had no knowledge of the disciplinary code or the appeals process cannot establish good cause. As a general matter, the Seventh Circuit has made clear that a personal lack of knowledge or ability does not establish good cause. *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990). This makes sense, given that "[c]ause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." *Johnson*, 786 F.3d at 505. Moreover, even if Green's lack of adequate knowledge regarding the disciplinary process could establish good cause, he has failed to explain with any specificity what knowledge he lacked at the time he filed his administrative appeals, but later gained so that he was able to raise his claims in this habeas proceeding but not during the administrative appeals. Green admits that he knew he could file an appeal, but he does not allege that he requested and was denied a disciplinary hearing appeal form during the time he was permitted to appeal. Nor does he suggest that he told any prison employee that he wanted to appeal his conviction and that they gave him misleading information. Further, Green could have accessed the Disciplinary Code for Adult Offenders upon his request.

In sum, none of Green's three reasons to show good cause necessary to overcome his procedural default have merit. The Court concludes that Green's failure to file an appeal was not due to any external factor but was simply due to his own inaction. Thus, all of Green's claims are procedurally defaulted and the Court declines to address these claims on the merits.

## Conclusion

There was no external cause that prevented Green from filing an appeal. Because Green failed to file a timely appeal, his petition is procedurally barred and dismissed. *Moffat*, 288 F.3d at 981–82. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 6/13/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Distribution:

EVAN GREEN
203504
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel